IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF SEA-VISTA NEWBUILD I LLC, AND | § | C.A. NO. 4:19-cv-1487 |
| SEABULK TANKERS, INC. AS OWNERS AND/ | § | |
| OR OWNERS PRO HAC VICE OF THE | § | (ADMIRALTY) |
| M/T INDEPENDENCE FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Sea-Vista Newbuild I LLC (hereinafter "Sea-Vista") and Seabulk Tankers, Inc. (hereinafter "Seabulk"), as owners and/or owners *pro hac vice* of the M/T INDEPENDENCE (hereinafter referred to as "Petitioners"), and file this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq.*, and Supplemental Rule F of the Federal Rules of Civil Procedure and respectfully show the following:

**I.    Jurisdiction and Venue**

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. A lawsuit has been filed against Petitioners in this District. Therefore, venue is proper in this Court pursuant to Supplemental Rule F of Supplemental Rules for Certain Admiralty and Maritime Claims,

**II.    Background**

3. At all times material hereto, Sea-Vista and Seabulk were and are the owners and/or owners *pro hac vice* of the M/T INDEPENDENCE, which was at all material times, tight, staunch,

strong, seaworthy, and in all respects properly manned, fitted, and equipped. In addition, the M/T INDEPENDENCE, was at all material times documented under the laws of the United States of America.

4. The M/T INDEPENDENCE is a 29,923 gross ton tanker vessel built in 2016 and registered in Port Everglades, Florida (hereinafter the "INDEPENDENCE"). The INDEPENDENCE is 178 meters in length, 32.2 meters in breadth and bears IMO No. 9710191.

5. As shown in the Declaration of Value, attached hereto as Exhibit 1 and incorporated herein by reference for all purposes, the INDEPENDENCE and all its appurtenances, excluding pending freight, was valued at $125,000,000.00 (ONE HUNDRED TWENTY-FIVE MILLION AND NO/100 US DOLLARS) immediately following the incident at issue herein.

6. At the time of the incident at issue in this case the INDEPENDENCE did not have any pending freight, as shown in the Declaration of Pending Freight, attached hereto as Exhibit 2 and incorporated herein by reference for all purposes.

7. At all times material hereto, Sea-Vista and Seabulk used due diligence to make and maintain the INDEPENDENCE in all respects seaworthy, and the INDEPENDENCE was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

8. On or about March 8, 2019, while the INDEPENDENCE was sailing outbound through the Houston Ship Channel at approximately Beacons 51-52, near Eagle Point, it entered into an overtaking agreement with tugboat T/V STARDUST, which was towing barge MGI 2720, was traveling outbound the Houston Ship Channel.

9. The T/V STARDUST is a 189 gross ton push tug built in 2013 and registered in Portland, Oregon (hereinafter the "STARDUST"). The STARDUST is 23 meters in length, 9

meters in breadth and bears MMSI: 367581120 and USCG Doc. No.: 1247507. The Barge MGI 2720 is a 1,619 gross ton chemical barge built in 2008 (hereinafter "MGI 2720"). The MGI 2720 is 297.5 feet in length, 54 feet in breadth and bears the Official No. 1216328.

10. At all times material hereto, the STARDUST and MGI 2720 were owned and operated by Harley Marine Services, Inc.

11. At approximately 6:30 a.m. on March 8, 2019, in a negligent and careless manner and in violation of the Inland Navigation Rules, the STARDUST and MGI 2720 caused themselves to collide with the INDEPENDENCE, by failing to maintain their course and speed and navigating out of the designated barge lane, into the main navigable channel of the Houston Ship Channel, and veering directly in front of the INDEPENDENCE.

12. As a result of the collision the INDEPENDENCE suffered damage to its hull and equipment.

13. Upon information and believe, due to the collision the STARDUST and the MGI 2720 suffered damage. Furthermore, several of the STARDUST's crewmembers claimed to have sustained personal injuries. A crewmember on the STARDUST, Jackie Thomas, filed a suit titled *Jackie Thomas v. Harley Marine Gulf, LLC; Seacor Marine, LLC; and Seabulk Tankers, Inc.*, bearing Cause No. 2019-22590, before the 269th Judicial District Court in Harris County, Texas. A copy of this lawsuit is attached hereto as Exhibit 3.

14. The incident described above, and any damages claimed as a result thereof, were in no way caused or contributed to by any fault, neglect, or want of due care, on the part of Petitioners or the INDEPENDENCE.

15. The incident described above, and any damages claimed as a result thereof, occurred without the fault, privity, or knowledge of Petitioners.

16.     The incident described above, and any damages claimed as a result thereof, were proximately caused in whole or in part by the negligence and/or fault of Harley Marine Services, Inc. as owner and operator of the STARDUST, MGI 2720, and/or their respective employees and/or agents, for which Petitioners were not responsible.

17.     Each claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which Petitioners exercised no right of control and for which Petitioners has no legal liability.

18.     To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/T INDEPENDENCE and the vessel has not been and is not presently under seizure as a result of any claims or demands.

19.     Petitioners desire to contest its liability and the liability of the INDEPENDENCE for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto.  All Petitioners hereby invoke the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.  Petitioners will show that neither Petitioners nor the vessel are liable to any extent.

20.     Alternatively, in the event that Petitioners or the vessel should be held liable to any claimant, Petitioners claim the benefits of limitation of liability.  To the extent any claimant sustained any injuries, which is denied, said injuries occurred without the privity or knowledge of Petitioners.  No corporate officers or managing directors of Petitioners were aboard or in the vicinity of the INDEPENDENCE  at the time of the incident.

21.     Upon information and belief, the following parties may or have asserted claims against Petitioners as a result of the foregoing incident: Jackie Thomas.

22.     This limitation proceeding is timely filed pursuant to 46 U.S.C. § 30508(b) and Supplemental Rule F of the Federal Rules of Civil Procedure.

**BASED ON THE FOREGOING**, Petitioners Sea-Vista Newbuild I LLC and Seabulk Tankers, Inc., respectfully pray that this Court:

(1)     enjoin in its entirety the commencement or continued prosecution of any action or proceeding against Petitioners or their property with respect to any claim arising from the incident described above;

(2)     issue a Notice to all persons asserting claims arising from the incident above advising them to file their respective claims with the Clerk of this Court and serve a copy thereof on the attorneys for Petitioners on or before a date to be fixed in such Notice;

(3)     order publication of such Notice in accordance with the applicable rules;

(4)     enter an Order approving Petitioners' offer to file Stipulation with six percent (6%) *per annum* interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of Petitioners' interest in the vessel and their pending freight not to exceed $125,000,000.00;

(5)     enter, upon trial of this matter, a judgment exonerating Petitioners and dismissing with prejudice, at claimant's cost, all claims which may be filed herein or, in the alternative, a judgment that Petitioners are entitled to limit their liability to the value of their respective interest in the vessel immediately after the incident, in addition to pending freight; and

(6) order that Petitioners be granted such other relief to which they may be entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ James T. Brown*
**James T. Brown**
Texas Bar No. 03138150
Federal ID. No. 11656
5151 San Felipe, Suite 400
Houston, TX 77056
Phone: (713) 917-0888
Fax:     (713) 953-9470
jim.brown@hfw.com
**ATTORNEY-IN-CHARGE FOR PETITIONERS SEA-VISTA NEWBUILD I LLC AND SEABULK TANKERS, INC.**

**OF COUNSEL:**
**HOLMAN FENWICK WILLAN USA LLP**
Alejandro Mendez-Roman
Federal ID No. 2295449
Texas Bar No. 24102778
alex.mendez@hfw.com